UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-20712-JLK

MIKEADA EFFS, an individual,

    Plaintiff,

vs.

CITY OF MIAMI, a Florida municipality, CITY OF MIAMI POLICE DEPARTMENT, and administrative subdivision of the City of Miami; and ALEXI FIGUEROA, individually and as a former police officer of the City of Miami Police Department,

    Defendants.
_____/

## DEFENDANT CITY OF MIAMI'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendant CITY OF MIAMI ("CITY"), by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves to dismiss the complaint removed from state court [D.E. 1-2] for failing to state plausible claims for relief. The complaint should be dismissed because it fails to state claims for relief under 42 U.S.C. section 1983 or the Florida Civil Rights Act of 1992. Moreover, the complaint fails to state a cause of action for *respondeat superior* because sovereign immunity has not been waived for the alleged criminal conduct of Defendant Figueroa in sexually assaulting the Plaintiff outside the course and scope of his employment. Finally, the City of Miami Police Department is not an entity capable of being sued and should be dismissed with prejudice.

This case arises from Plaintiff's January 26, 2016 encounter with former City Police Officer Alexi Figueroa ("FIGUEROA"). [D.E. 1-2]. On the date in question, Plaintiff alleges

she was walking in the area of N.W. 7th Avenue and 80th Street when she was approached by Figueroa in his police vehicle and he lowered his window and ordered her to get in the vehicle. [D.E. 1-2, ¶¶ 21-23]. Plaintiff alleges she complied with Figueroa's request and sat in the front passenger seat. [D.E. 1-2, ¶ 24]. Plaintiff alleges Figueroa asked her if she wanted to be "friends with benefits." [D.E. 1-2, ¶¶ 27-29]. Plaintiff further alleged Figueroa leaned towards her, kissed her on the lips without her consent, and stuck his hand on her right bare breast. [D.E. 1-2, ¶ 30]. Plaintiff claims she pulled away from Figueroa and exited the police vehicle. [D.E. 1-2, ¶ 31]. According to her complaint, Plaintiff left the scene, went home and a family member called 911 to report the incident. [D.E. 1-2, ¶ 33]. The complaint alleges the City and the Miami-Dade State Attorney's Office investigated the incident and Figueroa was ultimately arrested and charged with false imprisonment and battery upon Plaintiff. [D.E. 1-2, ¶ 38]. The City terminated Figueroa as a police officer and his termination was upheld in a binding arbitration decision finding that the City terminated Figueroa upon just cause. [D.E. 1-2, ¶¶ 39-40].

Plaintiff filed her complaint in state court alleging the following counts against the City: (1) deprivation of rights under color of law arising under 42 U.S.C. section 1983 and the Florida Civil Rights Act of 1992; and (2) vicarious liability. [D.E. 1-2]. In addition, Plaintiff attempted to bring two claims against the City of Miami Police Department in counts III and IV. [D.E. 1-2]. The remaining counts of the complaint (V through IX) pertain to Defendant Figueroa. [D.E. 1-2].

## MEMORANDUM OF LAW

### I. Motion to dismiss standard

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 1949. A plausible entitlement to relief exists "when the allegations in the complaint traverse the thresholds separating the 'conclusory' from the 'factual' and the 'factually neutral' from the 'factually suggestive.'" Barton v. Florida, 2007 WL 1724943 (N.D. Fla. 2007) (citing Bell Atlantic Corp., 127 S.Ct. at 1958, n. 5). Finally, if a complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6). Gregory v. Miami-Dade County, 86 F.Supp.3d 1340, 1343 (S.D. Fla.,2015) (dismissing claims of battery and false imprisonment against County on affirmative defense of sovereign immunity).

**II.     The complaint does not establish a plausible claim for municipal liability under 42 U.S.C. section 1983.**

Section 1983 of Title 42 of the United States Code provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia subjects, or causes to the subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .42 U.S.C. § 1983.

In order to prevail on a claim for relief pursuant to Title 42 U.S.C. section 1983, a plaintiff "must show violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights" Rivas v. Freeman, 940 F.2d 1491, 1496 (11th Cir. 1991). It is well settled that there is no *respondeat superior* liability under section 1983 making a municipality liable for the wrongful actions of its police officers. Monell v. Department of Social Services, 98 S.Ct. 2018, 2038 (1978). "To impose section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional

right; and (3) that the policy or custom caused the violation." Casado v. Miami-Dade County, 340 F.Supp.3d 1320, 1326 (S.D. Fla. 2018). "A plaintiff seeking to recover pursuant to § 1983 from a municipality must demonstrate that the official policy or custom was the moving force of the constitutional violation." Whittington v. Town of Surfside, 490 F.Supp.2d 1239, 1258 (S.D. Fla. 2007).

To substantiate her federal claim against the City, Plaintiff alleged only four paragraphs. [D.E. 1-2, ¶¶ 41-44]. In sum, Plaintiff alleged that Defendant Figueroa, while acting as a law enforcement officer employed by the City on duty, wearing a police uniform and using City property,…subjected Plaintiff to the deprivation of her rights with no reasonable basis. [D.E. 1-2, ¶ 43]. Plaintiff has done nothing more than plead *respondeat superior* liability against the City. There are no specific allegations that an official policy or custom was the moving force of Plaintiff's alleged constitutional violations. Based on the well-established authority cited above, the complaint fails to state a claim for municipal liability under 42 U.S.C. section 1983 and should be dismissed.

**III.   The complaint fails to state a claim arising under the Florida Civil Rights Act.**

In Count I, Plaintiff alleged in conclusory fashion that her action arises under, "…the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla. Stat…." [D.E. 1-2, ¶ 42]. A review of the statutory scheme reveals Plaintiff's reliance on this statute is misplaced. Section 760.01 of the Florida Statutes states the following general purpose of the Florida Civil Rights Act of 1992:

> The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote

>the interests, rights, and privileges of individuals within the state. Fla. Stat. § 760.01.

The statute makes it unlawful to discriminate because of race, color, religion, gender, pregnancy, national origin, age, handicap, or marital status in the areas of education, employment, housing or public accommodations and provided for a cause of action for damages. Fla. Stat. § 760.07. The statute goes on to discuss discrimination in places of public accommodation and unlawful employment practices. Fla. Stat. §§ 760.08 and 760.10. The statute is inapplicable to the facts alleged here. Plaintiff does not allege she suffered discrimination in the areas of education, employment, housing or public accommodations. The complaint is devoid of any factual allegations supporting a claim under the Florida Civil Rights Act and should be dismissed.

### IV.     Sovereign immunity bars Plaintiff's claim for *respondeat superior*.

Sovereign immunity bars Plaintiff from bringing tort claims against the City for the conduct of its employees which are outside the course and scope of employment. Here, the alleged conduct of Figueroa cannot be construed as arising in the course and scope of his employment when he kissed Plaintiff and fondled her breast. Florida Statute section 768.28 governs the limited waiver of sovereign immunity in tort actions against Florida governmental agencies. Fla. Stat. § 768.28. Subsection 768.28(9) provides:

> "The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, <u>unless</u> such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9) (emphasis added).

<u>Casey v. City of Miami Beach</u>, 789 F.Supp.2d 1318, 1320–21 (S.D. Fla. 2011), is instructive on this point and is nearly identical to the facts in the instant action. In <u>Casey</u>,

Plaintiff attempted to sue the City of Miami Beach for vicarious liability for the conduct of one its police officer when it was alleged the officer arrested Casey then fondled her breasts, put his hands down her pants, put his tongue down her throat and rubbed her upper thighs with his hands. Id.  Based on those facts, Judge Martinez applied Florida's sovereign immunity statute and held the officer was not acting within the course and scope of his employment and dismissed the vicarious liability claims against the City of Miami Beach. "Here, the sexual battery was not activated by any purpose to serve the City. Plaintiff's conclusory allegations with regard to Macias's actions being within his course and scope of employment do not change this fact. There is no construction of the facts alleged in this case that will support a cause of action against the City for vicarious liability for the sexual battery. Thus, the Court finds Macias was not acting within the course and scope of his employment when he sexually assaulted Plaintiff after driving her to a dark alley subsequent to her arrest." Casey v. City of Miami Beach, 789 F.Supp.2d 1318, 1320–21 (S.D. Fla. 2011).  Based on the foregoing, Plaintiff's respondeat superior claim should be dismissed with prejudice under Florida's sovereign immunity statute.

**V.       The City of Miami Police Department is not an entity capable of being sued.**

Under Rule 17(b) of the Federal Rules of Civil Procedure, capacity to sue or be sued shall be determined by the law of the state in which the district court is held.  Under Florida law, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Florida City Police Department v. Corcoran, 661 So.2d 409, 410 (Fla. 3rd DCA 1995)(*quoting* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989).   Under Florida law, municipalities have the power to sue and be sued, see Art. VIII, § 2(b), Fla. Const.; Fla. Stat. § 166.021, but this does not necessarily extend to a police department.  In addition, the City of

Miami Code at § 42-3 provides that the "responsibilities of the police department shall include, but not be limited to, the activities of police administration, traffic control, police patrols, training, criminal investigation, vehicle inspection, police property, police records and complaint center." This section further provides that the Police Department is subject to the "..supervision and control of the city manager in all matter." Id.  Therefore, the City of Miami Police Department meets the "integral" standard, and the action should be dismissed because Defendant is not an entity subject to suit. *See also* Lomax v. City of Miami Police Dept., 2010 WL 2163497 (S.D. Fla.  2010).

WHEREFORE, the City requests the Court dismiss the complaint with prejudice.

> VICTORIA MÉNDEZ, City Attorney
> CHRISTOPHER A. GREEN,
> Senior Assistant City Attorney
> Attorneys for **Defendant**
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.: (305) 416-1800
> Fax: (305) 416-1801
> Email:  cagreen@miamigov.com
> Secondary Email:  kjones@miamigov.com

By: ***/s/ Christopher A. Green***

Christopher A. Green,
Senior Assistant City Attorney
Florida Bar No. 957917

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ***s/ Christopher Green***
Christopher A. Green
Assistant City Attorney
Florida Bar No. 957917

Georgia Robinson, Esq.,
3500 N. State Road 7, Suite 437,
Fort Lauderdale, Florida, 33319
robinsonlawmediation@gmail.com.