CASE NO.: 20-CV-20712-JLK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-CV-20712-JLK

MIKEADA EFFS, an individual,

    Plaintiff,

vs.

CITY OF MIAMI, a Florida municipality;
and ALEXI FIGUEROA, individually and as a
former police officer of the City of Miami
Police Department,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, MIKEADA EFFS, by and through her undersigned counsel, hereby responds to Defendant City of Miami´s motion to dismiss the Amended Complaint [DE 5]

## FACTS

1. At all times material, Defendant City of Miami (hereinafter "City") was and is a political subdivision of the State of Florida.

2. On or about January 26, 2016 Defendant Alexi Figueroa, acted in bad faith and with willful and wanton disregard for Plaintiff's constitutional rights.

3. After a joint investigation between the Miami Police Department and the Miami-Dade State Attorney's office, Defendant Figueroa was arrested and charged with false imprisonment and battery upon the Plaintiff, 19-year-old Ms. Mikeada Effs.

4. Subsequently, Defendant Figueroa was terminated as a police officer with the City of Miami Police Department.

5. Defendant Figueroa appealed his termination, which was upheld in a binding Arbitration Award issued on June 20, 2019. The Arbitrator found in his Award that the decision by the City of Miami to terminate Alexi Figueroa was based on just cause.

## MEMORANDUM OF LAW

**Motion to dismiss standard of review**

"A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. […] a complaint must 'state a claim to relief that is plausible on its face. [A] claim is plausible on its face when the plaintiff alleges enough facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'" *Montanez v. Carvajal*, 2016 U.S. Dist. Lexis 5338. In reviewing a motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See *Manzon v. United States*, 253 F.3d 567 (11th Cir. 2001) (citing to *Berkowitz v. United States*, 486 U.S. 531 (1988). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low; claims need not be sufficient to survive a summary judgment motion to prevail at trial to survive a motion to dismiss. *Taylor v. Ledbetter*, 818 F.2d 791 (11th Cir. 1987).

**Liability under 42 U.S.C. § 1983**

As Defendant argues, "[a] plaintiff seeking to recover pursuant to section 1983 from a municipality must demonstrate that the oficial policy or custom was the moving force of the constitutional violation." *Whittington v. Town of Surfside*, 490 F.Supp.2d 1239 (S.D. Fla. 2007). "By its terms, 42 U.S.C. section 1983 creates a species of tort liability that on its face admits no immunities. Its language is absolute and unqualified; no mention is made of any privileges, immunities, or defenses that may be asserted." *Owen v. Independence*, 445 U.S. 622 (1980). The Supreme Court decision goes on to say that "[i]t hardly seems unjust to require a municipal defendant which has violated a citizen's constitutional rights to compensate him for the injury suffered thereby. Indeed, Congress enacted 42 U.S.C. § 1983 precisely to provide a remedy for such abuses of oficial power. Elemental notions of fairness dictate that one who causes a loss should bear the loss."

In the instant case, the Internal Affairs report prepared to substantiate the allegations of the Plaintiff concluded that Defendant Figueroa was in violation of Fla. Stat. 787.02 (False imprisonment) and in violation of a number of City of Miami Police

Departamental Orders.

**Departmental custom or policy to substantiate vicarious liability**

The aforementioned Internal Affair report with Case No. 16-008, which is in the possession, custody and control of Defendant City of Miami states that Defendant Figueroa was in violation of several Departmental Orders, particularly, Departmental Order 1, Chapter 11, 11.6.13.1 (Responsibility of Members) and 11.6.56.3 (Transportation of Distressed Persons), which is the policy which would support Defendant Figueroa's statement.

> 11.6.56.3 (Transportation of Distressed Persons): When distressed persons are observed in remote, unlit, or otherwise hazardous areas (late at night or when any person is observed in obvious distress for any reason) members operating pólice vehicles shall offer assistance as dictated by the circumstances, including transportation to homes reasonably near or to other places of safe refuge provided no other means are readily available. In every case in which a distressed person is taken into the pólice car, the operator shall promptly notify the radio dispatcher of the person's identity and provide brief facts about the case, time, location, and speedometer Reading; and the member.

**WHEREFORE**, the Plaintiff respectfully requests this Court to Deny Defendant's Motion to Dismiss

Dated: June 3, 2020

ROBINSON LAW & MEDIATION
/s/ *Georgia Robinson, Esq.*
Georgia Robinson, Esq.
Fla. Bar No.: 0165440
*Attorney for Plaintiff*
3500 N State Road 7
Suite 437
Fort Lauderdale, FL 33319

CASE NO.: 20-CV-20712-JLK

Phone: (954) 535-0827
Fax: (954) 535-9115
Email:  **robinsonlawmediation@gmail.com**

## CERTIFICATE OF SERVICE

This document was served via CM/ECF on June 3, 2020 to counsel of record and pro se parties