UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-20712-JLK

MIKEADA EFFS,

    Plaintiff,

v.

CITY OF MIAMI, a Florida Municipality,
and ALEXI FIGUEROA, individually and as a
former police officer of the City of Miami Police
Department,

    Defendants.
_____/

## ORDER GRANTING CITY OF MIAMI'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant City of Miami's Motion to Dismiss (DE 6) (the "Motion"), filed May 12, 2020. The Court has also considered Plaintiff's Response in Opposition (DE 7), filed June 3, 2020, and the City of Miami's Reply (DE 8), filed June 10, 2020.

### I. BACKGROUND

On January 25, 2020, Plaintiff filed suit in state court against (1) the City of Miami, (2) the City of Miami Police Department, and (3) its former police officer Alexi Figueroa (collectively "Defendants"), alleging that Figueroa sexually assaulted Plaintiff in Figueroa's police vehicle on the night of January 26, 2016. (*See* Compl., DE 1-2). The nine-count Complaint brought claims under 42 U.S.C. § 1983 (for federal constitutional violations), the Florida Civil Rights Act of 1992 (the "FCRA"), and various torts under Florida law. (*See generally id.*). The City of Miami (the "City") removed this case to federal court on February 19, 2020 and moved to dismiss the Complaint on February 24, 2020. (*See* Not. Removal, DE 1; Mot. Dismiss, DE 3). After careful consideration, this Court granted the City's Motion to Dismiss on April 15, 2020, finding that

"[t]he Complaint fails to allege an invalid 'policy or custom' that would confer municipal liability on the City of Miami under § 1983." (Or. Granting Def.'s Mot. Dismiss, DE 4 at 3). The Court also found that "the Complaint does not plausibly allege a violation of the FCRA, nor does it allege how the City waived its sovereign immunity pursuant to Florida Statute Section 768.28." (*Id.*).

Plaintiff filed an Amended Complaint on April 30, 2020, with leave of Court, to correct the deficiencies the Court observed. (Am. Compl., DE 5). In her Amended Complaint, Plaintiff now alleges the existence of an invalid "policy or custom" as follows: "in every case where a distressed person is taken into the police car, the operator shall promptly notify the radio dispatcher." (*Id.* ¶ 47). Additionally, Plaintiff alleges that Figueroa's actions were taken within "the course and scope of his employment with the City of Miami." (*Id.* ¶¶ 51, 62).

The City of Miami has moved to dismiss the Amended Complaint. (Mot. Dismiss, DE 6). For the reasons stated herein, the Court finds that the Motion to Dismiss should be granted.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.     DISCUSSION

The City of Miami contends—and the Court agrees—that the Amended Complaint still fails to state a cause of action under 42 U.S.C. § 1983.[1] It is well settled that Plaintiff must identify an invalid "policy or custom" that caused the constitutional violation for the Court to impose civil liability on a municipality (like the City of Miami) under § 1983. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). In an effort to do so, Plaintiff relies on a municipal policy that requires police officers to notify dispatchers when a distressed person enters a police vehicle (the "Distressed Persons Policy"). (Am. Compl. ¶ 47). In full, the policy provides:

> When distressed persons are observed in remote, unlit, or otherwise hazardous areas (late at night or when any person is observed in obvious distress for any reason) members operating police vehicles shall offer assistance as dictated by the circumstances, including transportation to homes reasonably near or to other places of safe refuge provided no other means are readily available. In every case where a distressed person is taken into the police car, the operator shall promptly notify the radio dispatcher of the person's identity and provide brief facts about the case, time, location, and speedometer reading; and the member.

Pl.'s Resp at 3, DE 7.

While Plaintiff has identified a municipal policy, Plaintiff has failed to plausibly allege how this policy caused her injuries. Plaintiff alleges, in pertinent part, that: (1) she was walking down the street on the night of January 26, 2016; (2) Figueroa was driving his police vehicle and began following Plaintiff; (3) Figueroa pulled his vehicle to the side of the road, lowered the passenger-side window, and ordered Plaintiff to enter the vehicle; (4) Plaintiff entered the vehicle; (5) Figueroa engaged in sexual contact with Plaintiff without her consent; (6) Plaintiff "became fearful and pulled away from [Figueroa]"; (7) Plaintiff then opened the door and exited the police vehicle; and (8) Figueroa subsequently drove away. (Am. Compl., ¶¶ 12–31). These allegations,

---

[1] 42 U.S.C. § 1983 establishes a cause of action for civil rights violations caused by persons acting "under color of" state law.

taken as true, do not plausibly suggest that Figueroa invoked the "Distressed Persons Policy" during this incident. Instead, they suggest the opposite: that Figueroa ignored the policy by failing to contact a dispatcher and by failing to transport Plaintiff to a "place of safe refuge." It cannot be fairly said that a municipal policy caused Plaintiff's injuries when Figueroa did not even follow that policy in the first place. The Court so finds that Plaintiff has failed to identify the existence of a municipal policy that was the "moving force" of the claimed constitutional violations. *See Monell, supra*. Thus, the Court lacks a statutory basis to impose civil liability on the City of Miami under § 1983.[2]

To be clear, this decision does not impact Plaintiff's ability to assert claims against Defendant Figueroa based on the same underlying incident. However, a careful review of the Court's docket reflects no evidence that Figueroa has ever been served with process in this case. Moreover, Plaintiff was ordered to notify the Court—no later than May 15, 2020—whether Figueroa has been served with process, but Plaintiff failed to issue such notice. (DE 4 at 3). Plaintiff did not serve Figueroa within ninety (90) days of the Notice of Removal, *see* Fed R. Civ. P. 4(m), and Plaintiff did not comply with a court order.

This could, under normal circumstances, result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b), which provides that an action may be dismissed if "the plaintiff fails to comply with these rules or a court order." The Court is hesitant to do so, however, because a dismissal for failure to prosecute operates as an adjudication on the merits, thus barring further action. *In re Brickell*, 160 F. App'x 969, 971 (11th Cir. 2006). Also, dismissals for failure to prosecute are reviewed by the Eleventh Circuit Court of Appeals for abuse of discretion. *Stevens v. United States*, 778 F. App'x 731, 735 (11th Cir. 2019). Given the gravity of Plaintiff's

---

[2] Plaintiff's remaining claims against the City of Miami are dismissed for the same reasons discussed in the Court's Order Granting City of Miami's Motion to Dismiss, DE 4.

allegations, in addition to certain logistical challenges that may be posed by the COVID-19 pandemic, the Court deems it appropriate to afford Plaintiff one more opportunity to perfect service against Defendant Figueroa. Otherwise, the case against Figueroa will be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The City of Miami's Motion to Dismiss (**DE 6**) be, and the same is, hereby **GRANTED**;

2. Plaintiff's claims against Defendant City of Miami are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and

3. Plaintiff's claims against Defendant Alexi Figueroa **will be dismissed** on November 1, 2020 unless Plaintiff furnishes some evidence—on or before this date—that Figueroa has been served with process in this action.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 1st day of October, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:    All counsel of record**